UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LYDIARIS MORALES,

    Plaintiff,

v.                                    Case No. 6:17-cv-1115-Orl-37KRS

RACETRAC PETROLEUM, INC.; TWC
SERVICES, INC.; and BUNN-O-MATIC
CORPORATION,

    Defendants.

## ORDER

Before the Court is Defendant Racetrac Petroleum, Inc.'s ("**Racetrac**") Motion to Dismiss (Doc. 16 ("**Motion**")) and Plaintiff's opposition (Doc. 20). For the following reasons, the Motion is due to be granted in part.

### I. BACKGROUND

This action arises from injuries that Plaintiff sustained on February 15, 2017, during her shift at one of Racetrac's Orlando locations. (Doc. 7, ¶¶ 15, 18, 20.) In her Amended Complaint, Plaintiff alleges that her manager instructed her to service a defective tea brewing machine. (*Id.* ¶¶ 17, 24.) In complying with such instructions, Plaintiff allegedly suffered burns on her face, neck, arms, and chest from scalding water when the tea brewer failed to drain properly. (*Id.* ¶¶ 17, 28, 29.)

Plaintiff, seeking to recover damages, asserts negligence and products liability

claims against Defendants.[1] (*See* Doc. 7.) In particular, Plaintiff charges Racetrac with failing to warn her of the dangers associated with servicing the tea brewer ("**Count I**"). (*Id.* ¶¶ 25–27, 30.) Racetrac now moves to dismiss Count I on the ground that Plaintiff has failed to state a claim. (Doc. 16.) As the Motion is fully briefed (Doc. 20), it is ripe for the Court's consideration.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure set forth minimum pleading requirements. Rules 8 and 10 require plaintiffs to provide short and plain statements of their claims with simple and direct allegations set out in numbered paragraphs and distinct counts. *See* Fed. R. Civ. P. 8(a), (d) ("Each allegation must be simple, concise, and direct."); *see also* Fed. R. Civ. P. 10(b). The "short and plain statement" must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim is not plausible "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2008).

In applying notice pleading principles, courts should: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly

---

[1] Defendants TWC Services, Inc. and Bunn-O-Matic Corporation have answered the Amended Complaint. (*See* Docs. 9, 12.)

give rise to an entitlement to relief.'" *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290–91 (11th Cir. 2010); *see also Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347 (11th Cir. 2016) (accepting truth of "the allegations in the complaint" and construing "them in the light most favorable to the plaintiffs"). In doing so, "courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n*, 605 F.3d at 1290. Further, courts may dismiss any claim that rests only on "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. ANALYSIS

Racetrac moves to dismiss Count I with prejudice, arguing that Florida's Workers' Compensation Law ("**WCL**") bars Plaintiff's negligence claim against it or, alternatively, that Plaintiff has failed to plead sufficient facts to support this claim. (Doc. 16.) Florida's WCL sets forth a comprehensive scheme intended "to assure the quick and efficient delivery of disability and medical benefits to an injured worker." Fla. Stat. § 440.15. This statutory scheme "is based on a mutual renunciation of common-law rights and defenses by employer and employees alike." *Id.* To that end, employers in compliance with Florida's WCL are immune from their employees' common-law negligence actions for damages arising out of work-related injuries. *Bakerman v. The Bombay Co.*, 961 So. 2d 259, 262 (Fla. 2007).

Notwithstanding this general tort immunity, Plaintiff contends that Florida's WCL does not provide Racetrac with immunity here because Racetrac's actions fall under Florida Statute § 440.11(1)(b)(2), which is an exception to Florida's WCL for an employer's intentional torts. (Doc. 20, pp. 4–9.) According to Racetrac, the allegations in the Amended Complaint do not allege facts to show that the conditions of the exception are met. (Doc. 16, pp. 6–10.) The Court agrees with Racetrac.

Florida's intentional tort exception to workers' compensation immunity exists "[w]hen an employer commits an intentional tort that causes injury or death of the employee." Fla. Stat. § 440.11(1)(b). An employer's actions are deemed an intentional tort where the employee demonstrates that: (1) "[t]he employer engaged in conduct that it knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee"; (2) "the employee was not aware of the danger, because it was not apparent"; and (3) "the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment as to whether to perform the work." *Id.* § 440.11(1)(b)(2); *see also R.L. Haines Const., LLC v. Santamaria*, 161 So. 3d 528, 531 (Fla. 5th DCA 2014). Unless all these elements are met, Plaintiff's negligence claim is precluded by Florida's WCL. *See Locke v. SunTrust Bank*, 484 F.3d 1343, 1350 (11th Cir. 2007).

Here, Plaintiff alleges that Racetrac: (1) "had full knowledge that the tea brewing machine was malfunctioning"; (2) "knew Plaintiff was unaware of the malfunction and the dangers posed"; (3) "knew that [its] instruction to Plaintiff was virtually certain to

-4-

result in Plaintiff being injured; (4) "concealed the dangers of the [tea brewing machine] and "ignored prior accidents, injuries and/or known safety hazards." (Doc. 7, ¶¶ 32–36.) These vague and conclusory allegations merely recite the elements of the intentional tort exception without providing facts from which the Court could draw a favorable inference. *See Franklin v. Curry*, 738 F.3d 1246, 1251–52 (11th Cir. 2013). For instance, Plaintiff does not provide non-conclusory allegations concerning: (1) any prior similar accidents; or (2) how Racetrac deliberately concealed the danger to prevent Plaintiff from exercising informed judgment. *See, e.g., Lagine v. Key West Reach Owner*, No. 17-cv-10045-CIV-JLK, 2017 WL 3425911, at *5 (S.D. Fla. Aug. 4, 2017) (dismissing claims for negligent hiring, negligent supervision, and negligent training with prejudice because the plaintiff failed to plead facts satisfying the intentional tort exception).

Admittedly, the "virtually certain" standard is difficult to overcome. *Gorham v. Zachry Industrial, Inc.*, 105 So. 3d 629, 634 (Fla. 4th DCA 2013) (explaining that the intentional tort exception is "an extremely strict" one that "few employees can meet"); *see also R.L Haines Const.*, 161 So. 3d at 532 (finding no authority where an employer had lost its immunity for its conduct) (citing *Gorham*, 105 So. 3d at 634). Plaintiff's allegations have failed to allege sufficient facts show that the conditions of this strict standard are satisfied. Therefore dismissal is required, but the Court will permit Plaintiff one additional opportunity to replead Count I.[2]

---

[2] Racetrac seeks dismissal with prejudice. (Doc. 16, p. 13.) The Court previously dismissed Plaintiff's original complaint, but that dismissal was based on the failure to properly allege subject matter jurisdiction and did not address the substance of Count I. (*See* Doc. 4.) So the Court finds dismissal with prejudice inappropriate at this juncture.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Racetrac Petroleum, Inc.'s Motion to Dismiss (Doc. 16) is **GRANTED IN PART**.

2. The negligence claim against Racetrac set forth in Count I of the Amended Complaint (Doc. 7, ¶¶ 21–41) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before Monday, **December 18, 2017**, Plaintiff may file a second amended pleading that remedies the deficiencies identified in this Order. Failure to timely file will result in dismissal with prejudice of Plaintiff's claim against Racetrac.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 11, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record